ELIAS D. WILLIAMS ET AL. v. STEPHEN D. BARBER.

104   31<br>f153   633

*Waters and water-courses—Flooding lands—Prescriptive right.*

The owner of a dam and the water power thereby created maintained the dam at a certain height for more than 15 years, and thereby, without complaint from the owners, flooded their lands. And it is held that he thereby acquired title to the lands, so far as the right to flood the same was concerned, as fully as if such right had been conveyed to him by deed.

Appeal from Barry. (Padgham, J., presiding.) Argued January 8 and 9, 1895. Decided February 12, 1895.

Bill to enjoin defendant from maintaining his dam at a certain height. Complainants appeal. Decree affirmed. The facts are stated in the opinion.

*Walter S. Powers,* for complainants.

*Taggart, Knappen & Denison,* for defendant.

LONG, J. The complainants, 11 in number, are the owners in severalty of land lying along the Thornapple river, in the counties of Eaton and Barry. The defendant

is the owner of a flouring mill in the village of Nashville, in Barry county, and of a water power maintained by a dam across said river. The bill is filed to enjoin the defendant from maintaining the dam at its present height, which, it is claimed, sets the water back, and overflows the complainants' lands. It is claimed that for the period of five years last past, and upwards, the defendant has kept raising the dam, narrowing up the sides, and filling in, thereby raising the water and flooding the complainants' lands to a greater extent from year to year. The defendant contends that the dam has been kept at a uniform height for the last 15 years, and upwards, prior to the filing of this bill, in September, 1892. The testimony was taken in open court, and a decree there entered dismissing complainants' bill.

It appears that the dam has been built for over 40 years. In 1871, Philip Holler, defendant's grantor, repaired it, and he claims that he then only restored it to its original height. Defendant claims that since that time the height has not been increased, except about a year before this bill was filed, when he heightened the center by nailing on a plank four inches in thickness, for the purpose of keeping gravel from washing over; but that, several months before the bill was filed, he removed this plank. Defendant also claims that, if the complainants' lands have been more flooded in the last few years, it was not occasioned by an increased height of the dam, but by the action of the public authorities, who, in 1881, built an iron bridge across the river about 650 feet above the dam, and, in the construction of the bridge, narrowed the channel of the river from 150 feet to about 75 feet, by a fill for the bridge abutments.

A large number of witnesses were sworn in the case. We have carefully examined the testimony, and from it find:

1. That, in 1871, Philip Holler, defendant's grantor, repaired the dam, and then fixed its height; but whether he placed it at a greater height than formerly is not material.

2. That since that time, and for more than 15 years prior to the filing of this bill, the height of the dam has not been increased, except for a few months, when defendant placed the four-inch plank thereon, but that said plank was removed before this bill was filed.

3. That, if complainants' lands have been since overflowed to a greater extent, it was occasioned by the narrowing of the river in building this bridge.

4. That as defendant and his grantors established the height of the dam in 1871, and have kept and maintained it at that height, without complaint from the complainants, for more than 15 years before this bill was filed, the defendant thereby acquired the prescriptive right of flowage at that height.

The rule is well settled that the exercise of the right of flowage for 15 years and upwards creates a prescriptive right, and gives title to the property, so far as the right to flow is concerned, as fully as if the right were conveyed by deed. *Conklin v. Boyd,* 46 Mich. 56; *Gregory v. Bush,* 64 Id. 37; *Shearer v. Middleton,* 88 Id. 621; *Hoag v. Place,* 93 Id. 450; *Cornwell Manfg. Co. v. Swift,* 89 Id. 503, 519. The court below was right in dismissing complainants' bill.

The decree must be affirmed, with costs.

The other Justices concurred.